UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTINA WILLIAMS as Administratrix of the
Estate of LARRY MULLIGAN,

-v-          Plaintiff,

                              COMPLAINT
                              Case No.: 6:17-cv-1338 (FJS/ATB)

UNITED STATES OF AMERICA

    Defendant.

---

Plaintiff, Christina Williams, as Administratrix of the Estate of Larry Mulligan by her attorneys, DeFrancisco & Falgiatano, LLP, Charles L. Falgiatano, Esq., and for her Complaint against the above-named Defendant, states as follows:

1. Plaintiff Christine Williams, at all times relevant herein, was the step-daughter of Decedent Larry Mulligan, and a resident of Lewis County, State of New York.

2. Plaintiff's Decedent, Larry Mulligan, at all times relevant herein, was a resident of Lewis County, State of New York and died on December 20, 2015.

3. Plaintiff Christine Williams was appointed Adminsitratrix of the Estate of Larry Mulligan after his death, according to the Letters of Administration attached as Exhibit '1.'

4. Defendant, United State of America, (hereinafter "USA"), at all times relevant herein, employed doctors, residents, nurses, interns, nurse practitioners and other health care providers through the Department of Veteran Affairs at the Rome Veterans Affairs Medical Center.

5. Defendant USA, at all times relevant herein, held itself out to Plaintiff's Decedent, Larry Mulligan, and the general public as a professional medical organization competently staffed and qualified to and capable of providing medical services like those provided to Plaintiff as set forth herein.

6. Defendant USA, at all times relevant herein, had a duty and/or obligation to render medical services, care and treatment to Plaintiff's Decedent in accordance with good, usual and customary standards and/or practices.

7. That this claim accrued on December 20, 2015 and on or about March 2, 2017, within two years of the accrued date, an Administrative Claim Form for Damages, Injury or Death was mailed to the Office of General Counsel, United States Department of Justice of which is a copy of said claim form along with a copy of accompanying letter is attached as Exhibit '2'.

8. By letter dated March 10, 2017, from the Department of Justice acknowledged receipt of said claim on March 7, 2017. Said letter also requested additional information. See Exhibit '3.'

9. That on or about June 22, 2017, a letter was forwarded to the Department of Veterans Affairs which included the requested information. See Exhibit '4.'

10. That six months has now passed since this claim was submitted to the Department of Justice without a final disposition of this claim.

11. That due to the fact that an administrative claim was timely filed and the Defendant USA and/or Department of Veterans Affairs has failed to provide a final disposition of this claim, Christine Williams as Administratrix of the Estate of Larry Mulligan is now commencing this action based on Federal Tort Claims Act Title 28, §1346 (b) against above Defendant upon exhausting all administrative processes.

## AS AND FOR THE FIRST CAUSE OF ACTION

12. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Plaintiff's Decedent was admitted to Defendant USA's care at the Rome Veterans Affairs Medical Center on or about June 14, 2014 to treat persisting abdominal pain and vomiting.

14. On or about June 14, 2014 Plaintiff's Decedent's Fecal Occult Blood resulted a triple Positive H.

15. On or about June 14, 2014 and thereafter, a colonoscopy or other diagnostic testing was not accomplished.

16. On or about October 15, 2015, Plaintiff's Decedent presents to the Rome Veterans Affairs Medical Center for a GI consult.

17. On or about December 3, 2015, Plaintiff's Decedent presents to the Rome Veterans Affairs Medical Center with symptoms of a bowel obstruction.

18. On or about December 8, 2015, Plaintiff's Decedent was taken into surgery at Rome Veterans Affairs Medical Center and a sigmoid colectomy and end colostomy was performed, at which time Plaintiff's Decedent was diagnosed with colon cancer.

19. Plaintiff's Decedent died on December 20, 2015.

20. By reason of the foregoing, Defendant U.S. failed to provide Plaintiff's Decedent with appropriate medical treatment in accordance with generally accepted standards of care.

21. The aforesaid failure to provide appropriate medical treatment in accordance with generally accepted standards of care constitutes negligence, professional negligence and malpractice, by Defendant USA without any negligence of Plaintiff's Decedent contributing thereto, and is a violation of the statutes and regulations of the State of New York.

22. As a result of the aforesaid failure to provide appropriate medical treatment in accordance with generally accepted standards of care, Plaintiff's Decedent suffered serious injuries resulting in death as set forth herein.

23. As a result of a foregoing, Plaintiff seeks damages that exceed the jurisdictional limits of all lower courts that would otherwise have jurisdiction over the Defendant herein.

## AS AND FOR A SECOND CAUSE OF ACTION

24.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 23, as if fully set forth herein.

25.     Defendant USA, its employees, agents, apparent agents, independent contractors and/or staff members for good and valuable consideration, agreed to care and treat Plaintiff Decedent in accordance with approved methods of care and treatment and to use care, skill and their best judgment concerning the Plaintiff's Decedent.

26.     Defendant and its employees, agents, apparent agents, independent contractors and/or staff members had a duty to provide said services in accordance with the aforementioned standards and procedures pursuant to said understanding and agreement.

27.     Defendant and its employees, agents, apparent agents, independent contractors and/or staff members failed to provide the agreed upon treatment and breached the aforesaid duty and agreement by failing to properly diagnose Plaintiff's Decedent's condition and by failing to provide care and treatment in accordance with the aforesaid standards of care in the manner set forth above.

28.     Based upon the aforesaid breach of duty by Defendant, its employees, agents, apparent agents, independent contractors and/or staff members of the aforesaid understanding and agreement to provide competent medical services in accordance with generally accepted standards of care, Plaintiff's Decedent had suffered and sustained serious permanent injuries as set forth above

29.     As a result of the foregoing, Plaintiff seeks damages that exceed the jurisdictional limits of all lower courts that would otherwise have jurisdiction over the defendant herein.

## AS AND FOR A THIRD CAUSE OF ACTION

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. As a result of the negligence and malpractice of Defendants, Plaintiff's decedent died on December 20, 2015.

32. As a result of wrongful death, the Estate and distributes of Larry Mulligan suffered pecuniary and other damages.

33. As a result of the above, the Estate seeks damages that exceed the jurisdictional limits of all lower courts that would otherwise have jurisdiction over the Defendants herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant on all causes of action for the damages stated herein, in an amount to be determined, together with attorneys' fees, court costs and the disbursements of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 8, 2017

Charles L. Falgiatano, Esq.
DeFrancisco & Falgiatano, LLP
Attorneys for Plaintiff
6739 Myers Road
East Syracuse, New York 13202
(315) 479 – 9000